```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
_____
                              )
ALTON KING, JR.,              )
        Appellant,            )
                              )    CIVIL ACTION
        v.                    )    NO. 22-30161-WGY
                              )
BANK OF NEW YORK MELLON, ET AL.,)
        Appellees,            )
                              )
_____
```

YOUNG, D.J.                                      December 13, 2022

**ORDER**

On December 5, 2022, appellant Alton King, Jr., proceeding pro se, filed a notice of appeal. See Docket No. 1. On December 8, 2022, the Court granted King's leave to proceed in forma pauperis and denied his emergency motion to stay. See Docket Nos. 6 – 7.

King submitted his appeal on the Official Form 417A provided by the Administrative Office of the United States Courts. Docket No. 1. In the portion of the form asking for a description of the judgment, order, or degree appealed from, King states: "#48 Motion of Debtor for Urgent Show Cause hearing and to postpone hearing on relief of stay for 12/2/22." Id. at ¶ Part 2.

The hearing that King sought to postpone at the bankruptcy court was held on December 2, 2022, and King's motion (#48) was denied at hearing. See 12/02/2022 Proceeding Memorandum and

Order (#53), In Re Alton King, Jr., No. 22-30373-EDK. At that time, the bankruptcy court also allowed the motion by BNY Mellon Trustee for relief from automatic stay, thus permitting the trustee to move forward with execution of possession of property previously owned by King, which BNY Mellon had acquired through a mortgage foreclosure. Id. at 12/02/2022 Proceeding Memorandum and Order (#52). Despite the fact that the grounds for King's appeal are not clearly stated, it appears that King seeks to appeal from the bankruptcy court's denial of his motion (#48).

District courts do not have jurisdiction over every order entered by the bankruptcy court. The district court has jurisdiction to "hear appeals from final judgments, orders, and decrees" and, "with leave of the court, from ... interlocutory orders." 28 U.S.C. § 158(a)(1),(3). If an appellant is appealing an interlocutory order, he or she must also file a motion for leave to appeal. Id. § 158(a)(3). The appellant must provide "the facts necessary to understand the question presented; the question itself; the relief sought; the reasons why leave to appeal should be granted; and a copy of the interlocutory order." Fed. R. Bankr. P. 8004(b). If appellant fails to include a motion for leave but has timely filed a notice of appeal, however, a district court may "treat the notice of appeal as a motion to leave and either grant or deny it." Fed. R. Bankr. P. 8004(d).

Here, King did not seek leave of court to appeal an interlocutory order entered by the bankruptcy court.  Though this Court has the discretion to construe the notice of appeal as a motion for leave to appeal an interlocutory order, see Fed. R. Bankr. P. 8004(d), it chooses not to exercise that discretion because the notice of appeal does not contain the necessary contents of the motion, as outlined by Fed. R. Bankr. P. 8004(b)(1).  Although King filed an emergency motion concerning the eviction proceedings in state court, nothing further was submitted in support of his appeal.

As a pro se litigant, King is entitled to have his pleadings liberally construed.  Ahmed v. Rosenblatt, 118 F.3d 886, 889 (1st Cir. 1997).  Even so, the requirements for granting an interlocutory appeal are not met here.  Ahmed, 118 F.3d at 889 (pro se status does not insulate a party from complying with procedural and substantive law); Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000) (stating that pro se  litigants are not exempt from procedural rules).

Accordingly, the Court declines to grant King leave to

bring this interlocutory appeal under 28 U.S.C. § 158(a)(3) and DISMISSES the appeal.

**SO ORDERED.**

                                        <u>/s/ William G. Young</u>
                                        WILLIAM G. YOUNG
                                        UNITED STATES DISTRICT JUDGE